**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
JOSE L. FRANCE-BEY,           )
                              )
          Plaintiff,          )
                              )
     v.                       )      1:17cv241
                              )
KENNY HOLBROOK, et al.,       )
                              )
          Defendants.         )
```

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Defendants' Motion to Dismiss in Lieu of Answer (Docket Entry 14) (the "Motion"). For the reasons that follow, the Court should deny the instant Motion.

**BACKGROUND**

Jose L. France-Bey (the "Plaintiff"), an inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against Kenny Holbrook, Jason White, Brad Cook, and Travis Bowman (the "Defendants"), alleging that they used excessive force in the course of his arrest. (Docket Entry 2 (the "Complaint") at 4.) According to the Complaint:

On March 16, 2014, Plaintiff planned to meet two women at a gravel pit in order to give them money for gas. (Id.) While Plaintiff waited for them, "Dobson Police Officer Mr. Kenneth James Holbrook approached [Plaintiff and] asked what [he] was doing out there." (Id.) After speaking with Holbrook, Plaintiff returned to his car, and, "[u]nkowingly, Mr. Holbrook retrieved his flashlight

[and] approached" Plaintiff's car as well. (Id.) "Upon noticing a bag, Mr. Holbrook placed [Plaintiff's] left wrist in restraints [and] then slammed [Plaintiff] to the ground. He then placed his knee in [Plaintiff's] back [and] placed [Plaintiff's] right wrist in restraints behind [him]. . . ." (Id.) Holbrook called for backup, at which point Deputies White, Cook, and Bowman arrived on the scene. (Id.) "The officers started asking [Plaintiff] questions [and he] refused to respond," after which Plaintiff alleges that "the officers started choking [him], placing their fingers around [his] jaw, slammed [him] on the trunk of a car face first and started raising [his] restrained hands well beyond [their] normal range of motion, punching [him] in [his] back [and] ribs." (Id.) Plaintiff alleges that these events caused him to develop "acute chronic back disorder," "sciatic nerve damage, [a] pinched nerve, bone spurs in [his] neck[,] a possible bulging disc," and "extreme emotional distress," all requiring medical attention. (Id. at 4-5.) Plaintiff contends that the Defendants' conduct during his arrest constituted an unconstitutional use of force in violation of the Fourth Amendment, and seeks declaratory and injunctive relief as well as money damages. (Id. at 5-6.)

In response, Defendants filed the instant Motion (Docket Entry 14), arguing that the statute of limitations bars Plaintiff's

action (see Docket Entry 16 at 4-5).[1]  Specifically, Defendants maintain that Plaintiff's Complaint fails as untimely because the Court received the Complaint on March 20, 2017, more than three years after Plaintiff incurred his injuries on March 16, 2014. (See id. at 5.)

**DISCUSSION**

A three-year statute of limitations applies to Plaintiff's excessive force claim under Section 1983.  See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in Section 1983 actions, state statute of limitations for personal injury governs); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year personal injury statute of limitations to Section 1983 actions); N.C. Gen. Stat. § 1-52 (establishing three-year statute of limitations for personal injury).  Further, under Section 1983, "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir.

---

[1] Defendants also argue that, if Plaintiff has asserted any claim generally subject to the delayed-tolling doctrine outlined in Heck v. Humphrey, 512 U.S. 477, 489 (1994), Plaintiff could not benefit from that doctrine because criminal proceedings did not terminate in his favor.  (See Docket Entry 16 at 5-6.)  The Complaint contains no indication that Plaintiff wishes to challenge the constitutionality of his conviction, or that his success in this action "would necessarily imply the invalidity of his conviction or sentence," Heck, 512 U.S. at 487.  Accordingly, the Heck rule does not impact the disposition of the Motion.

1995); see also Smith v. McCarthy, 349 F. App'x 851, 857 (4th Cir. 2009) (holding that excessive force claim brought under Section 1983 accrued when the force allegedly occurred).

In general, "for statute of limitations purposes, a complaint should be deemed filed on the date the district court received it." Cornett v. Weisenburger, 454 F. Supp. 2d 544, 548 n.3 (W.D. Va. 2006). However, in the case of pro se prisoner filings, a "relaxed filing standard," the "prison mailbox rule," applies such that "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008). Furthermore, "[c]ases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." Id.; see also Drayton v. Cohen, 2012 WL 666839, No. CA 2:10-3171, at *2 (D.S.C. Feb. 29, 2012) (holding that, although the court received and docketed the plaintiff's complaint on December 21, 2010, "the objective indicia lead to the finding that [p]laintiff's complaint was filed December 6, 2010, the date he signed it").

In this case, although the Court received and docketed Plaintiff's Complaint on March 20, 2017 (see Docket Entry 2 at 1), Plaintiff signed the Complaint on March 13, 2017 (see id. at 7). Defendants make no argument that Plaintiff gave prison officials the Complaint after that date, and, as such, the Court should treat

the Complaint as filed on March 13, 2017. As Plaintiff alleges his injuries occurred on March 16, 2014 (see id. at 4), the Court should regard the Complaint as filed within the three-year statute of limitations.

## **CONCLUSION**

Under the prison mailbox rule, Plaintiff timely filed his Complaint.

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Dismiss be denied.

This 14th day of September, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**